**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JOSE VICTOR SALES LOPEZ,

Petitioner,

v. Case No. 3:26-cv-616-WWB-LLL

FIELD OFFICE DIRECTOR, U.S. ENFORCEMENT AND REMOVAL OPERATIONS, MIAMI FIELD OFFICE, IMMIGRATION AND CUSTOMS ENFORCEMENT et al.,

Respondents.

---

# ORDER

On June 2, 2026, the Court granted the Petition to the extent that it ordered Respondents to either (1) provide Petitioner with a bond hearing; or (2) release him from custody. (Doc. 16). Petitioner has now filed a Motion to Enforce Judgment ("**Motion**," Doc. 18). He argues that Respondents did not comply with the Court's Order because they "have failed to afford [him] a bond hearing within[] the timeframe given by the Court's [O]rder and have also failed to release Petitioner." (*Id.* at 2).

Respondents filed a Response (Doc. 20) with exhibits (Doc. Nos. 20-1 to 20-3). They advise that on May 28, 2026—five days before the Court entered its Order—an IJ conducted a bond hearing, during which he found that Petitioner was subject to mandatory detention under the Laken Riley Act and that he was a danger to the community. (Doc. 20 at 2; Doc. 20-1 at 3; Doc. 20-2 at 3). Respondents argue that Petitioner now challenges the IJ's determination and if he disagrees, he should seek

review with the Board of Immigration Appeals, not this Court. (Doc. 20 at 4). To that end, they contend the Motion should be denied.

The Court agrees. Here, Petitioner was provided with a bond hearing. That the hearing occurred before the Court entered its Order is irrelevant—all that matters is Petitioner received the bond hearing to which he was entitled. Additionally, nothing suggests that the IJ otherwise failed to make factual findings or conduct an individualized determination. To the extent Petitioner disagrees with the IJ's conclusions, he may file an appeal with the Board of Immigration Appeals or request a custody redetermination. Whether the Court agrees with the IJ's determination is of no importance—the Court simply lacks jurisdiction to review such a discretionary finding.

Accordingly, it is **ORDERED** that Petitioner's Motion to Enforce Judgment (Doc. 18) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida, on November 20, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7

C: counsel of record